UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD MICHAEL STRAUSS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, JANE DOE, *in her official and individual capacity*, JILL DOE, *in her official and individual capacity*, and YOUTUBE LLC <br><br> Defendants. | CAUSE NO.: 2:19-CV-423-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant YouTube LLC's Motion to Transfer or Dismiss Plaintiff's Complaint [ECF No. 14]. For the reasons stated below, the Defendant's Motion is granted, and the case is dismissed without prejudice.[1]

On November 5, 2019, Plaintiff Edward Michael Strauss filed a Complaint [ECF No. 1] in which he brought a 42 U.S.C. § 1985 claim and a misconduct claim against Defendant YouTube LLC. In addition to the claims against Defendant YouTube LLC, the Plaintiff also filed claims against two unnamed defendants and the United States Postal Service. On July 21, 2021, the Court dismissed the claims against Defendant United States Postal Service for lack of service of process. *See* ECF No. 19. Defendant YouTube LLC has filed a Motion to Transfer or Dismiss Plaintiff's Complaint [ECF No. 14]. The Plaintiff has not filed a response, and the time to do so has passed.

---

[1] Defendant YouTube LLC requests that this case be transferred to the United States District Court for the Northern District of California or be dismissed. The Plaintiff's claim is baseless and without merit. The Court finds it is in the interest of judicial economy to dismiss the Plaintiff's claims at this time.

**LEGAL STANDARD**

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**FACTUAL BACKGROUND**

The following allegations are contained in the Plaintiff's Complaint [ECF No. 1]. The Plaintiff, on or about October 21, 2019, entered the United States Post Office in Merrillville, Indiana. Compl. ¶ 9, ECF No. 1. On that date, he took a video of an altercation between another individual and two post office employees. *Id.* at ¶¶ 9–12. Sometime after taking the video, the Plaintiff uploaded the video to the online video sharing and social media platform YouTube. *Id.* at ¶ 13. On October 22, 2019, the Plaintiff received notification that a complaint had been submitted to Defendant YouTube LLC regarding his video. *Id.* He received an additional

2

notification, on October 25, 2019, that the video had been removed from the video sharing platform for privacy violations. *Id.*

## ANALYSIS

The Plaintiff has alleged a § 1985 claim (Count III) and a misconduct claim (Count V) against Defendant YouTube LLC. Aside from these claims, the Plaintiff has also alleged claims against unnamed postal workers (Count I, Count II, and Count V). The Court first considers the two claims against Defendant YouTube LLC and then considers the claims against the unnamed postal workers.

### A.     *Section 1985 Claim Against Defendant YouTube LLC*

The Plaintiff alleges that,

> [o]n or about October 25th, 2019[,] Defendant YouTube LLC acted under color of custom or policy when they conspired with Defendants Jane and/or Jill Doe on a report of a Privacy Violation for a video that was lawfully recorded and distributed in the Town of Merrillville, County of Lake, State of Indiana[,] with the intent to restrict the further publication of [its] public interest content of the interactions with a government official.

Compl. ¶ 31. He further alleges that, by doing so, "Defendant YouTube LLC's conduct deprived [the Plaintiff] of his rights, privileges, and immunities guaranteed by the First Amendment of the United States Constitution in violation of 42 U.S.C. § 1985." *Id.* at ¶ 33; *see also id.* at ¶ 34.

To recover under § 1985(3), a plaintiff must establish:

> (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.

*Juillerat v. Town Council of Andrews*, No. 1:15-CV-98, 2016 WL 1660480, at *4–5 (N.D. Ind. Apr. 27, 2016) (quoting *Xiong v. Wagner*, 700 F.3d 282, 297 (7th Cir. 2012)). Additionally, "to establish the purpose of the conspiracy under prong two, 'a plaintiff must demonstrate racial,

ethnic, or other class-based invidiously discriminatory animus behind the conspirators' actions.'" *Id.* (quoting *Xiong*, 700 F.3d at 297) (internal quotation marks omitted). In this case, the Plaintiff has not alleged that the Defendants' actions were motivated by racial or other class-based discriminatory animus. The Plaintiff's allegations do not support the basic elements of a § 1985(3) claim; therefore, his § 1985 claim is dismissed. *See id.*

B.     *Misconduct Claim Against Defendant YouTube LLC*

Count V is a claim of "intentional willful and wanton misconduct against all the defendants." Compl. p. 10. This Count contains three paragraphs, one incorporating the allegations set forth in the prior forty-three paragraphs, one detailing the relief the Plaintiff is seeking, and one alleging

> [t]hat the wrongful conduct of all Defendants as alleged herein constitutes bad faith and wanton, willful and malicious conduct in that Defendants acted or failed to act when they knew or had reason to know that their conduct created unreasonable risk of physical and/or emotional damage to [the Plaintiff], and that a high probability that substantial harm would result.

Compl. ¶ 45.

Defendant YouTube LLC has provided reasons why the Plaintiff cannot maintain a claim against it for the cited conduct. The Court need not assess these arguments, as Count V is clearly deficient on its face. Count V of the Plaintiff's Complaint does nothing more than conclude that Defendant YouTube LLC committed willful and wanton misconduct, which is insufficient to survive a motion to dismiss.

The Plaintiff, in Count V, does not specify what type of claim he is attempting to bring or distinguish what conduct is actionable under such a claim. It appears, based on the language of paragraph forty-five, that the Plaintiff is attempting to assert an Indiana negligence claim. Under Indiana law:

> Willful or wanton misconduct consists of either: "1) an intentional act done with reckless disregard of the natural and probable consequence of injury to a known person under the circumstances known to the actor at the time; or 2) an omission or failure to act *when the actor has actual knowledge of the natural probable consequence of injury* and his opportunity to avoid this risk.

*Sportsdrome Speedway, Inc. v. Clark*, 49 N.E.3d 653, 661 (Ind. Ct. App. 2016) (quoting *Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1204–05 (Ind. Ct. App. 2011)). Such an action "has 'two elements: 1) the defendant must have knowledge of an impending danger or *consciousness of a course of misconduct calculated to result in probable injury*, and 2) the actor's conduct must have exhibited an indifference to the consequences of his own conduct.'" *Id.* (quoting *Miner v. Sw. Sch. Corp.*, 755 N.E.2d 1110, 1113 (Ind. Ct. App. 2001)). The Indiana Supreme Court has explained that "'wanton and willful' and 'reckless' seem to imply the same disregard for the safety of others." *Id.* (quoting *Obremski v. Henderson*, 497 N.E.2d 909, 911 (Ind. 1986)).

The Plaintiff's Complaint does not articulate how Defendant YouTube LLC, by removing the Plaintiff's video, held a disregard for his safety, had knowledge of an impending danger, or calculated that its conduct would result in probable injury. The Plaintiff offers only conclusions, which do not meet the pleading requirements. Seemingly, the Plaintiff is treating his Indiana negligence claim as a vehicle for recovery for any conduct he deems inappropriate. Such types of claims are not supported by the law. In addition, claims alleging willful and wanton misconduct are not free claims that can be bootstrapped to any lawsuit. They, like any other claim, require the Plaintiff to make sufficient factual allegations to raise a right to relief above the speculative level. In this case, the Plaintiff has failed to meet such requirements, and his willful and wanton misconduct claim is dismissed.

### C. *Claims Against Unnamed Postal Workers*

Finally, the Plaintiff brings allegations against unknown defendants identified in the Complaint as Jane Doe and Jill Doe. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Accordingly, the Court dismisses the claims against the unnamed defendants.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant YouTube LLC's Motion to Transfer or Dismiss Plaintiff's Complaint [ECF No. 14] and DISMISSES the Plaintiff's claims against Defendant YouTube LLC without prejudice. Additionally, the Court DISMISSES the Plaintiff's claims against the unnamed defendants Jane Doe and Jill Doe in this case without prejudice. As none of the Plaintiff's claims remain pending, the Clerk of Court is directed to close this case.

SO ORDERED on July 23, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT